THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DWYER DALE, | CASE NO. C24-1887-JCC |
| Plaintiff, | ORDER |
| v. | |
| KIA AMERICA, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court *sua sponte*. On November 15, 2024, Defendant Kia America, Inc. ("Kia") removed this matter to federal court. Plaintiff moved to remand primarily on the basis of untimely removal (Dkt. No. 11). Kia opposes (Dkt. No. 12).

Under the general removal statute, a defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a)(1). For instance, § 1441 gives district courts the authority to hear cases removed from state court on the basis of diversity jurisdiction. *See id*. In turn, diversity jurisdiction is satisfied only if the case seeks an award over $75,000 *and* "the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). In other words, as with the usual diversity requirements, removal on the basis of diversity requires complete diversity between the parties. *See* 28 U.S.C. § 1332 (general diversity statute). Federal courts strictly construe the removal statute and must reject jurisdiction if there is

ORDER
C24-1887-JCC
PAGE - 1

any doubt as to the right of removal in the first instance. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941))).

Curiously, in their briefing on Plaintiff's remand motion, both parties fail to mention that one of the named defendants, Sawyer Corporate Group, Inc. ("Sawyer"), is alleged to be a Washington state citizen, (*see* Dkt. No. 1-1 at ¶ 7), thus defeating complete diversity. That said, the Court understands Plaintiff's position to be that his citizenship is speculative at best. (*See* Dkt. Nos. 11 at 14, 13 at 11–12.) But his own exhibits reflect otherwise. Indeed, they all point to Washington state residence: Plaintiff purchased the automobile at issue in Washington state; his address is listed numerous times in the purchase agreement and repair invoices as being in Washington state; and his arbitration hearing was held in Bellevue, Washington.[1] (*See* Dkt. No. 9-1 at 22–52.) In addition, Kia submits record of Plaintiff's voter registration as being in Washington state (Dkt. No. 12-1). Plaintiff thus appears to be a Washington state citizen.[2]

Because Plaintiff and Sawyer are both Washington state citizens, this case lacks complete diversity.[3] And because complete diversity is lacking, this Court therefore lacks jurisdiction to

---

[1] Of course, the law is clear that "residency is not equivalent to citizenship." *Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Nevertheless, "'courts are mindful of 'litigation realities' and do not ignore what is 'facially apparent' from a complaint even if not stated in black-and-white terms.'" *Levy v. Salcor, Inc.*, 2014 WL 775443, slip op. at 4 (W.D. Wash. 2014) (citations omitted).

[2] And, to the extent the aforementioned submission is still insufficient to establish Plaintiff's citizenship, such insufficiency further renders remand appropriate. *See Louie*, 761 F.3d at 1034.

[3] Here, the Court recognizes that it is missing an affidavit or other record of service to Sawyer. However, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Clarence E. Morris, Inc., v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). As such, the citizenship of "unserved parties must be considered in determining whether there is

1  hear this case. For the foregoing reasons, the Court *sua sponte* DIRECTS the clerk to REMAND
2  this case to King County Superior Court.[4] The Court further DECLINES to award attorney fees
3  to either party given the unique posture of this remand. *See* 28 U.S.C. § 1447(c).

DATED this 26th day of December 2024.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

complete diversity." *Rhodes v. Barnett*, 692 F. App'x. 834, 835–36 (9th Cir. 2017) (citing *Vitek*, 412 F.2d at 1176).

[4] Though the Court recognizes that the result of its order is substantially similar to that which Plaintiff seeks, *sua sponte* dismissal is nevertheless appropriate where, as here, neither party has raised the precise jurisdictional defect at issue. *See Gonzales v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")

ORDER
C24-1887-JCC
PAGE - 3